UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CURTIS JACKSON, NICOLE MACKEY,
NAOMI WILLIAMS, NYOKA WILLIAMS,
ANNMARIE WILLIAMS,

                Plaintiffs,                                    **SECOND AMENDED COMPLAINT AND JURY DEMAND**

             -against-                              18CV2214   (LDH)(SLT)

THE CITY OF NEW YORK, MATTHEW SABELLA,
ALAN CHAU, DAVINDER SINGH, NICHOLAS SKOMINA,
KENNETH TRIOLO, CHARLES STEIGER, MICHAEL
O'BRIAN, FABIAN MODESTO, RICHARD ORTEGA,
MICHAEL BECKER, JOSE VILLAFONE, ETHAN
CHAN,

                Defendants.
------------------------------------------------------------X

      The Plaintiffs, CURTIS JACKSON, NICOLE MACKEY, NAOMI WILLIAMS, NYOKA WILLIAMS, ANNMARIE WILLIAMS, by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this Second Amended Complaint:

### INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the common law of the State of New York, against the individual police officers identified herein and their employer, the City of New York.

## **PARTIES, VENUE AND JURISDICTION**

2. Plaintiff CURTIS JACKSON is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

3. Plaintiff NICOLE MACKEY is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

4. Plaintiff NAOMI WILLIAMS is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

5. Plaintiff NYOKA WILLIAMS is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

6. Plaintiff ANNMARIE WILLIAMS is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

7. At all relevant times hereinafter mentioned, defendant MATTHEW SABELLA, was employed by the City of New York as a member of the NYPD. Sabella is sued in his individual and official capacities.

8. At all relevant times hereinafter mentioned, defendant Sergeant ALAN CHAU, was employed by the City of New York as a member of the NYPD. Chau is sued in his individual and official capacities.

9. At all relevant times hereinafter mentioned, defendant P.O. Davinder Singh, was employed by the City of New York as a member of the NYPD. Singh is sued in his individual and official capacities.

10. At all relevant times hereinafter mentioned, defendant P.O. Nicholas Skomina, was employed by the City of New York as a member of the NYPD. Skomina is sued in his individual and official capacities.

11. At all relevant times hereinafter mentioned, defendant Det. Charles Steiger, was employed by the City of New York as a member of the NYPD. Steiger is sued in his individual and official capacities.

12. At all relevant times hereinafter mentioned, defendant Michael O'Brian, was employed by the City of New York as a member of the NYPD. O'Brian is sued in his individual and official capacities.

13. At all relevant times hereinafter mentioned, defendant P.O. Fabian Modesto, was employed by the City of New York as a member of the NYPD. Modesto is sued in his individual and official capacities.

14. At all relevant times hereinafter mentioned, defendant P.O. Richard Ortega, was employed by the City of New York as a member of the NYPD. Ortega is sued in his individual and official capacities.

15. At all relevant times hereinafter mentioned, defendant P.O. Michael Becker, was employed by the City of New York as a member of the NYPD. Becker is sued in his individual and official capacities.

16. At all relevant times hereinafter mentioned, defendant P.O. Jose Villafone, was employed by the City of New York as a member of the NYPD. Villafone is sued in his individual and official capacities.

17. At all relevant times hereinafter mentioned, defendant P.O. Ethan Chan, was employed by the City of New York as a member of the NYPD. Chan is sued in his individual and official capacities.

18. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

19. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

20. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

21. Plaintiffs CURTIS JACKSON and NICOLE MACKEY filed a Notice of Claim on or about April 14, 2017.

22. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

23. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## FACTUAL ALLEGATIONS

24. On or about January 14, 2017, at approximately 1:30 a.m., plaintiffs were home at 899 Schenectady Avenue, in the County of Kings, City and State of New York.

25. At about 2:00 am, a group of police officers, including Sabella, Chau, Singh, Triolo, Steiger, O'Brian, Modesto, Ortega, Becker, Villafone, and Chan, entered the home without a warrant and remained therein over the landlord's objections.

26. The defendant officers arrested plaintiffs without any probable cause whatsoever.

27. Plaintiffs were subsequently transported to a police precinct where they remained handcuffed for several hours.

28. While at the station house, defendant Matthew Sabella created arrest paperwork in which he claimed that defendant Sabella observed plaintiffs committing various crimes.

29. At no point did the defendants observe plaintiffs committing any crimes or offenses.

30. Sabella, Chau, Singh, Skomina, Triolo, Steiger, O'brian, Modesto, Ortega, Becker, Villafone, Chan, and the other defendants knew, at the time that SABELLA drafted the arrest paperwork, that plaintiffs had not engaged in the conduct as alleged.

31. The defendants each knew that these allegations were being drafted, and that they would be forwarded to the Kings County District

Attorney's Office (KCDA) in order to cover up their misconduct and to persuade the KCDA to initiate criminal charges against plaintiffs.

32. The defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against plaintiffs, would rely on the truthfulness of their factual claims and statements, and would proceed on an assumption that all of these factual statements and claims were truthful in all material respects, and that no material or exculpatory information had been withheld.

33. Ultimately plaintiffs were transported from the police precinct to the Kings Central Booking where plaintiffs spent additional several hours in custody.

34. All charges against plaintiffs were false and ultimately dismissed.

35. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

36. At all relevant times herein, each of the individual defendants participated directly in the constitutional violations on plaintiffs and the affirmative efforts to cover up the same thereafter.

37. The defendants attempted to cover up their constitutional violations against plaintiffs by lying about their actions and otherwise failing to report their actions.

38. To the extent that any of the defendants did not participate personally in this misconduct, each such defendant was aware of the

misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct.

39. Thus, each defendant is responsible for the constitutional violations and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

40. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. §1983

41. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

42. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

43. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The acts complained of deprived plaintiffs of their rights not to have excessive force imposed upon them, not to have summary punishment imposed upon them and to receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

48. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49. As a result of defendants' aforementioned conduct, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

50. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for his safety, were humiliated

and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### STATE LAW FALSE IMPRISONMENT AND FALSE ARREST

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

53. Plaintiffs were conscious of their confinement.

54. Plaintiffs did not consent to their confinement.

55. Plaintiffs' confinement was not otherwise privileged.

56. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

### FOURTH CLAIM FOR RELIEF
### UNLAWFUL ENTRY

58. Plaintiffs repeat and reallege each and every allegation above as if fully set forth herein.

59. Each of the individual defendants unlawfully and wrongly entered the premises by forcibly entering without exigency, consent, or a lawfully issued warrant.

60. To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants' misconduct despite ample opportunity to do so.

61. Accordingly, each defendant is liable either for directly participating in the conduct complained of herein, or for failing to intervene in order to prevent or limit such misconduct and injuries to the plaintiffs and the constitution.

62. By so doing, the individual defendants, individually and collectively subjected the plaintiffs to the unlawfully entry into and search of their residence, as well as the seizure of the residence and property therein, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth Amendment of the United States Constitution.

63. By reason thereof, the individual defendants have violated 42 U.S.C §1983 and caused plaintiffs to suffer emotion and physical injuries, mental anguish and emotional distress, damage to and loss of their property, and the deprivation of their constitutional rights.

**FIFTH CLAIM FOR RELIEF**
**STATE LAW ASSAULT AND BATTERY**

64. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

65. By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered him.

66. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

67. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

68. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

69. Defendants searched plaintiffs in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

70. As a result of the foregoing, plaintiffs were subjected to an illegal and improper search.

71. The foregoing unlawful search violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

72. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

73. Defendants misrepresented and falsified evidence before the District Attorney.

74. Defendants did not make a complete and full statement of facts to the District Attorney.

75. Defendants withheld exculpatory evidence from the District Attorney.

76. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

77. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

78. Defendants acted with malice in initiating criminal proceedings against plaintiffs.

79. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

80. Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

81. Defendants acted with malice in continuing criminal proceedings against plaintiffs.

82. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

83. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of their constitutional rights.

84. Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

85. Defendants acted with intent to do harm to plaintiffs without excuse or justification.

86. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### EIGHTH CLAIM FOR RELIEF
### STATE LAW MALICIOUS PROSECUTION

87. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

88. By their conduct, as described herein, defendants are liable to plaintiffs for having committed malicious prosecution under the laws of the State of New York.

89. Defendants maliciously commenced criminal proceeding against plaintiffs, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

90. The commencement and continuation of the criminal proceedings against plaintiffs was malicious and without probable cause.

91. All charges were terminated in plaintiffs' favor.

92. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiffs.

93. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

94. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

### NINTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

95. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

96. Defendants issued legal process to place plaintiffs under arrest.

97. Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

98. Defendants acted with intent to do harm to plaintiffs without excuse or justification.

99. As a result of the foregoing, plaintiffs sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### TENTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

100. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

101. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an

14

opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

102. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

103. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### ELEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

104. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

105. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

106. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

107. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

108. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by as alleged herein.

109. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

110. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

111. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

112. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

a) Not to have summary punishment imposed upon him; and

b) To receive equal protection under the law.

113. As a result of the foregoing, plaintiffs sustained, *inter alia,* loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## TWELFTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE PLAINTIFFS' CIVIL RIGHTS

114. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

115. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiffs.

116. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiffs, with utter and deliberate indifference to and disregard for plaintiffs' rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiffs guilty of any crime.

117. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiffs manufactured false evidence.

118. The aforesaid conduct of defendants operated to deprive plaintiffs of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

    a) Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

      b)    Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated by a government official;

      c)    The foregoing violations of plaintiffs' constitutional rights by defendants directly and proximately caused plaintiffs' arrest, detention, imprisonment and deprivation of liberty.

### THIRTEENTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO A FAIR TRIAL

119.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

120.   The individual defendants created false evidence against Plaintiffs.

121.   The Individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

122.   In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

123.   As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged

124.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

125. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

126. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

127. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs request that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiffs;

(d) Award reasonable attorneys' fees and costs to the plaintiffs pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

DATED:   September 20, 2018
         Brooklyn, New York

                                        _____
                                        Amy Rameau, Esq.

                                        The Rameau Law Firm
                                        16 Court Street, Suite 2504
                                        Brooklyn, New York 11241
                                        Phone: (718) 852-4759
                                        rameaulawny@gmail.com

                                        *Attorney for Plaintiffs*


TO:   All Defendants
      Corporation Counsel of the City of New York